IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAMROW and DAMROW, a General Partnership, | ) ) ) | Case No. 4:05CV3043 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| FIRST NATIONAL BANK OF HOLDREGE, KENNETH SLOMINSKY, ERIC TITUS, RONALD STERR, TIM WIEBE, JEANETTE HARDEN, KIRK RILEY, MARK UTTER, and DOUGLAS SCOTT LATTER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The defendants move to dismiss or for a more definite statement. I will grant the motion for a more definite statement, and deny the motion to dismiss without prejudice.

In arriving at this decision, I note that this case is both complex and confusing. Since the complaint must be made more definite in the particulars described below, I urge, but do not require, that it be entirely redrafted with an eye to clarity. The need for discovery is not an excuse for obscurity. Hopefully, such an effort would provide a far simpler, more straightforward amended complaint. If so, everyone will benefit.

With the foregoing in mind,

IT IS ORDERED that:

1. The motion to dismiss (filing 15) is denied without prejudice. The motion for a more definite statement (filing 15) is granted as provided herein and

otherwise denied. The plaintiff shall file an amended complaint complying with this order not later than July 1, 2005.

2. With regard to the breach of contract claim asserted on a third-party beneficiary theory, it shall be made more definite (in the section of the complaint dealing with that claim) by stating (a) the date of the contract; (b) the name of the parties who entered into the contract: (c) the nature of the contract, including whether it was written or oral; (d) the name of the party who breached the contract, the date the breach occurred and the nature of the breach; (e) whether the contract expressly made the plaintiff a third-party beneficiary; and (f) if the contract did not expressly make the plaintiff a third-party beneficiary, by reference to the contract, the reason why the contract should be construed as reasonably intending to treat the plaintiff as a third-party beneficiary. In addition, if the contract is written, and available to counsel, a copy shall be attached to the complaint and referred to in the amended pleading.

3. With regard to the fraudulent misrepresentation –fraudulent inducement claim and the fraudulent concealment–fraudulent nondisclosure claim, those two claims shall be made more definite (in the section of the complaint dealing with each such claim) by stating: (a) what fraudulent acts or omissions are relied upon by the plaintiff; (b) when those fraudulent acts or omissions took place; (c) who made or is responsible for the fraudulent acts or omissions; and (d) how the fraudulent acts or omissions were communicated to the plaintiff.

4. With regard to the negligent misrepresentation claim, it shall be made more definite (in the section of the complaint dealing with such claim) by stating: (a) what negligent misrepresentations are relied upon by the plaintiff; (b) when those negligent misrepresentations were made; (c) who made or is responsible for the negligent misrepresentations; (d) how the negligent misrepresentations were communicated to the plaintiff; and (e) if the negligent misrepresentations were not made to the plaintiff, the factual basis for the premise that the plaintiff was entitled to rely upon the misrepresentations. In addition, to the extent any misrepresentations

were written, and available to counsel, a copy shall be attached to the complaint and referred to in the amended pleading.

     5.    With regard to the RICO claim, that claim shall be made more definite (in the section of the complaint dealing with such claim) by stating: (a) what predicate acts are relied upon by the plaintiff; (b) when those predicate acts took place; (c) who made or is responsible for the predicate acts; and (d) the name of the "person" and the name or names of the "enterprise."

     May 20, 2005.                                    BY THE COURT:

                                                      *s/Richard G. Kopf*
                                                      United States District Judge